# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Bank of New York Mellon, | **2:15-cv-01444-JAD-CWH** |
| Plaintiff | |
| | **Order Denying Motion for Default Judgment without Prejudice** |
| v. | |
| Annmarie Venier, | [ECF No. 13] |
| Defendants | |

The Bank of New York Mellon sued Annmarie Venier for breach of contract and breach of an implied covenant of good faith and fair dealing after she defaulted on a loan.[1]  After Venier failed to appear in this lawsuit, the Bank obtained a Clerk's default.[2]  The bank now moves for a default judgment.[3]  Because the Bank failed to address the *Eitel* factors in its motion, I deny the motion without prejudice.[4]

## Discussion

When the Clerk has entered a default against a party, Rules 54(b) and 55 of the Federal Rules of Civil Procedure permit the court to enter a default judgment.[5]  The Ninth Circuit in *Eitel v. McCool* set forth seven factors that govern the district court's decision whether to enter a default judgment: (1) potential prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the amount of money at stake in the action; (5) the potential

---

[1] ECF No. 1.

[2] ECF No. 12.

[3] ECF No. 13.

[4] I find this motion suitable for disposition without oral argument.  L.R. 78-1.

[5] *Eitel v. McCool,* 782 F.2d at 1470, 1471 (9th Cir. 1986); *Trustees of the Bricklayers & Allied Craftworkers Local 13 Defined Contribution Pension Trust for S. Nev. v. Tumbleweed Dev., Inc.,* 2013 WL 143378, at *2 (D. Nev. Jan. 11, 2013) (citing *Eitel*).

1   disputes as to material facts; (6) whether the default was due to excusable neglect; and (7) the strong

2   federal policy favoring adjudications on the merits.[6]

3       Except for the amount of money at stake, the Bank's three-page motion does not address the

4   *Eitel* factors.  To obtain a default judgment, the Bank must specifically address each *Eitel* factor and

5   explain why these factors weigh in favor of granting default judgment.  I therefore deny the Bank's

6   motion without prejudice to its ability to file a new motion that addresses the *Eitel* factors and

7   explains why these factors warrant the judgment that it requests.[7]

8                                    **Conclusion**

9       IT IS THEREFORE ORDERED that the **Bank's motion for entry of default judgment**

10  **[ECF No. 13] is DENIED without prejudice.**

11      Dated September 1, 2016

12                                                   _____
                                                     Jennifer A. Dorsey
13                                                   United States District Judge

_____

[6] *See Eitel,* 782 F.2d at 1471–72.

[7] *See, e.g., Rimlinger v. Shenyang 245 Factory,* 2014 WL 2527147 (D. Nev. June 4, 2014); *Neumont University, LLC v. Little Bizzy, LLC,* 2014 WL 2112938 (D. Nev. May 20, 2014); *U.S. S.E.C. v. Brandonisio,* 2013 WL 5371626 (D. Nev. Sept. 24, 2013); *Trustees of Teamsters Local 631 Sec. Fund for Southern Nevada v. Knox Installation-Dismantling and Services, Inc.,* 2013 WL 4857897 (D. Nev. Sept. 9, 2013).